## ALEXANDER LEE & TERENCE DONOHOE *vs.* CHARLES CHAMBERS.

In order to enforce a lien given by an act entitled "an act for the better securing of mechanics and others erecting buildings, or furnishing materials for the same in the city and county of St. Louis," approved February 24, 1843, the person claiming the benefit of the act, must commence an action within ninety days after filing the lien.

### STATEMENT OF THE CASE.

The plaintiffs in error being building mechanics in the city of St. Louis, and having built a store warehouse for Chambers, the defendant in error, filed their lien in the office of the St. Louis circuit court, and on the 28th day of January, 1847, procured a *scire facias* to issue against Chambers on the lien as filed.

The *scire facias* states that the lien was filed on the 19th day of August, 1846, and within six months after their demand had accrued, that the account so filed was a just and true account of the demand justly due the plaintiffs in error, after all just credits were given. That the demand accrued on account of materials furnished by the plaintiffs, and used in building the house of defendant, under contract with J. L Kean and Charles Shaw, who were contractors with Chambers, the owner of the lot for the erection of the warehouse, and also for work and labor done by the plaintiffs upon the said warehouse, under contract with said Kean & Shaw, the contractors. That said demand was verified by the affidavit of the plaintiffs, and the amount

·due upon the demand was $877 50; that the plaintiffs, at the same time filed a correct description of the property to be charged with said lien, describing it in the *sci re facias*.

The defendant, Chambers, filed eleven pleas, to seven of which the plaintiffs demurred. The pleas demurred to are the fifth, sixth, seventh, eighth, ninth, tenth and eleventh.

The fifth alleges as a bar to the *sci e facias*, that the action was not commenced within ninety days after filing the lien.

The sixth alleges that the plaintiffs did not, prior to furnishing the materials and doing the work, give notice in writing to the defendant, or his agent, of their intention to do the work and furnish the materials.

The seventh avers that the plaintiffs have not made a settlement in writing with Kean & Shaw, the contractors, in respect to the materials and work and labor, and caused the same to be signed by the said Kean and Shaw, and certified to be just, and left with the defendant.

The eighth alleges that the plaintiffs did not make a settlement in writing with Kean & Shaw for the materials and labor, and within ten days from the time the materials were furnished and work done, file with the clerk of the circuit court a copy of such settlement.

The ninth avers that the contract between the plaintiffs and Kean & Shaw, under which the materials were furnished and the work was done, was made prior to the 1st day of August, 1845, and that under said contract a portion of the materials was furnished, and a portion of the work done prior to the said 1st day of August, and then avers that the plaintiffs have not settled with Kean & Shaw for said work and labor and materials, and presented to the defendant such settlement, signed by Kean & Shaw, and certified that the amount appearing by such settlement was justly due to the plaintiffs by said Kean & Shaw, on account of the work and labor and materials.

The tenth plea is like the ninth, except that instead of averring that there was no settlement between the plaintiffs and Kean & Shaw, this plea avers that the plaintiffs did not give notice in writing to the defendant of their intention to furnish the materials and do the work, setting forth the probable value thereof.

The eleventh is like the two last in the introductory part thereof, and then avers that the plaintiffs did not within ten days after demand accrued, file with the clerk of the circuit court a duplicate copy of a certified settlement between them and said Kean & Shaw for said work, labor and materials.

Judgment was given on the demurrers for the defendant, and the case is brought here by writ of error to reverse that judgment.

GAMBLE & BATES for plaintiffs.

The fifth plea is bad, because the limitation of ninety days allowed for bringing actions under the act of 1843, only applies to the actions which are specially given by that act. See acts of 1835; act of 1841, page 105; act of 1843, page 83.

All the other pleas are bad under the decisions made in 11 Miss. R. 138 and 340.

HUDSON for defendant.

1. The fifth plea filed by defendant, and to which there is a demurrer, was intended to meet the provisions of the 9th section of the act of 24th February, 1843. See session acts 1842, 3, page 84. This expressly requires that the action should be commenced within ninety days after filing the lien. It is contended that the fifth plea is good under said act, and the court below did right in overruling the demurrer.

2. The 6, 7, 8, 9, 10 and 11 pleas were filed with a view of putting in issue the plaintiffs al-

ALEXANDER LEE & TERENCE DONOHOL. vs. CHARLES CHAMBERS.

leged demand under the provisions of the statute of this State, entitled "an act for securing liens to mechanics and others, approved 19th March, 1845," see Revised Code. Each of the last mentioned pleas put in issue facts material under the last mentioned statute, and if this statute were in force at the time specified in the pleas, then they were pertinent and rightfully pleaded.

3. The *scire facias* does not show on its face sufficient to justify the court in rendering judgment against the defendant and the premises in favor of plaintiffs, and it is perfectly immaterial whether the pleas were good or bad.

4. The only question in this case important to be considered, depend upon the statutes of 1842, 3, Sess. acts, page 84 and Revised Code; statute relative to mechanics liens. These acts of our State legislature need only to be examined to enable the court to arrive at a correct conclusion in this case.

Judge BIRCH delivered the opinion of the court.

The ninth section of the "act for the better security of Mechanics and others erecting buildings, or furnishing materials for the same, in the city and county of St. Louis," is as follows:

"All actions under this act shall be commenced within ninety days after filing the lien, and prosecuted, without unnecessary delay, to final judgment."

This act was approved, on the 24th February 1843, and is substantially re-enacted by the 22d section of the "act concerning the revised statutes" approved on the 27th of March, 1845, in these words :

"All acts and parts of acts specially applicable to the city or county of St. Louis, and in force at the commencement of the present session of the general assembly, and not repealed or modified by some act of the present session, specially applicable to said county or city, shall be, and the same are hereby continued in force."

Not perceiving wherein the 9th section of the act of '43 has been changed or modified by any subsequent enactment of the legislature, it must be held to furnish the law of this case. We conclude, therefore, that the 5th plea of the defendant was good in bar of the plaintiffs action; and as this substantially disposes of the case, the judgment of the circuit court is affirmed.